WOLFE v. WEIR.

(Supreme Court, Appellate Term. November 24, 1908.)

CARRIERS (§ 94*) — FAILURE TO DELIVER GOODS—DAMAGES—DAMAGES CONTEMPLATED BY PARTIES.

In an action against a carrier for negligent failure to deliver dress goods of a stated value, which were wrapped in paper with a bill attached and consigned in October, defendant having notified plaintiff of the consignee's refusal to receive the goods in December, when plaintiff was permitted to extract several pieces of the goods for samples, and they were afterward sold for a less amount because of the change of season, damages for the depreciation in value of the goods because of the change of seasons were not recoverable; the fact that the goods were of a kind which would depreciate in value with the change of season not being contemplated by the parties at the time of shipment.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 94.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Louis Wolfe against Levi C. Weir as president of the Adams Express Company. From a judgment for plaintiff, defendant appealed. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Cravath, Henderson & De Gersdorff (Edward V. Conwell, of counsel), for appellant.

Alfred J. Wolff (Charles Goldzier, of counsel), for respondent.

PER CURIAM. The plaintiff brought this action to recover damages for the alleged negligence of the defendant, a common carrier, in failing to deliver goods consigned for shipment. The answer is in effect a general denial. The evidence shows that on October 26, 1907, the plaintiff shipped by the defendant express company to A. D. Matthews Sons, Brooklyn, 100 silk waists of the expressed valuation of $340; that the waists were tied up in three bundles, wrapped around in brown wrapping paper, upon which the address and street number of the consignor and consignee were plainly written, and a bill of said waists was affixed to one of the bundles. These bundles were duly tendered to the consignee on October 28, 1907, but refused because no bill was attached. The plaintiff was informed of the refusal of the consignee to accept the packages expressed in December, and thereupon made a claim upon the defendant. The goods were found in the early part of December, 1907, in the defendant's storage house, and the defendant's agent permitted the plaintiff to take out of the packages two waists to be used as samples for the purpose of selling the goods. The waists were subsequently sold, at the best price obtainable, for $250; the depreciation in value being the result of the change in seasons. The trial justice awarded the plaintiff a judgment for $90; the damages being based upon the difference in the value of the waists when delivered in October and the price obtained or the market value when sold in December.

There is nothing in the evidence to show that the fact that the goods were of such a character as to depreciate in value because of a change in seasons was within the contemplation of the parties at the time the contract was made. The special damages which the court below awarded to the plaintiff were not, in view of the evidence presented, recoverable in this action.

The judgment is reversed and a new trial ordered, with costs to appellant to abide the event.