(66 Misc. Rep. 149.)

### J. H. LICHTENSTEIN & CO. v. FARGO.

(Supreme Court, Appellate Term.  February 24, 1910.)

CARRIERS (§ 135*)—CARRIAGE OF GOODS—REFUSAL BY CONSIGNEE—DELAY IN NOTIFYING CONSIGNOR—DAMAGES.

    If a carrier has no notice of danger of depreciation in the value of millinery goods by reason of a change of style, it is error to allow for the same as an element of damages in a suit for delay in mailing consignor notice of their return, where a consignee refused to receive them.

    [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 135.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by J. H. Lichtenstein & Co. against James C. Fargo as president of an unincorporated association. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered, unless plaintiffs stipulate to reduce the judgment.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Charles C. Paulding (Wm. Mann, of counsel), for appellant.

Baggott & Ryall, for respondents.

PER CURIAM. Defendant is president of an unincorporated association operating a fast freight line. Plaintiffs shipped two cases, marked "millinery goods," valued by them at $106.77, to Winona, Minn., on December 10, 1906. The consignee refused to receive them. By some unexplained delay, notice of their return was not mailed to plaintiff until March 19, 1907. The actual contents of the cases were mainly feminine straw hats, not trimmed. No physical injury to the goods was shown, but one of the plaintiffs testified that the delay caused a loss of 90 per cent. in value, owing to change in the prevailing style. The other put the loss at 50 to 75 per cent. The court

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fixed it at about 87 per cent. Defendant had no notice of such danger of depreciation, and this alone is fatal error. Wolfe v. Weir, 61 Misc. Rep. 57, 112 N. Y. Supp. 1078.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event, unless the plaintiffs stipulate to reduce the judgment to the sum of $10 and costs in the court below, in which event the judgment, as so modified, is affirmed, without costs to either party on this appeal.

(66 Misc. Rep. 144.)

## RANGER v. LEO.

(Supreme Court, Appellate Term. February 24, 1910.)

1. BROKERS (§ 61*)—EMPLOYMENT—DUTY TO GIVE NOTICE OF RESTRICTIVE COVENANTS.

Where an owner of real estate, situated in a district within which a large part of the land is subject to ancient covenants, employs a broker to procure a purchaser, he need not inform the broker of the existence of the restrictive covenants in his chain of title, unless the broker asks about it, and the silence of the owner is not equivalent to a fraudulent concealment of covenants.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 77, 78, 92, 93; Dec. Dig. § 61.*]

2. COVENANTS (§ 51*)—RESTRICTIVE COVENANTS—CONSTRUCTION.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 50; Dec. Dig. § 51.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Argued before SEABURY, GUY, and WHITNEY, JJ.