(88 Misc. Rep. 1)

ROSENBERG v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Term, First Department.   December 4, 1914.)

CARRIERS (§ 105*)—CARRIAGE OF GOODS—DELAY—DAMAGES.

The measure of damages for delay in the transportation of goods, consisting of ladies' and misses' cloaks, known as seasonable goods, was the amount reasonably within the contemplation of the parties when the contract of shipment was made, and not damages based upon the fact, of which the carrier had no notice, that the goods were seasonable.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 451–458; Dec. Dig. § 105.*]

Bijur, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Adolph Rosenberg against the Delaware, Lackawanna & Western Railroad Company.   From a judgment for plaintiff, defendant appeals.   Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Douglas Swift, of New York City, for appellant.

M. Harold Hochdorf, of New York City, for respondent.

PER CURIAM.   This action was brought to recover damages caused by defendant in delaying a shipment of goods belonging to the plaintiff.   The goods were delivered to the defendant in this city, on August 14, 1913, consigned to one Rubenstein, at Hannibal, Mo.   They were transported by defendant and its connecting carriers, and tendered to the consignee on November 20, 1913.   The shipment was refused by him.   It is conceded that a reasonable time for the transportation of a shipment of this character, in the ordinary course of events, is six days.   The delay between August 14 and November 20, 1913, and the defendant's responsibility for that delay is admitted.

The only question in the case is the measure of damages which the plaintiff was entitled to recover by reason of such delay.   The proof showed that the goods consisted of ladies' and misses' cloaks and are what is known as "seasonable" goods.   The plaintiff is entitled to recover only such damages as were reasonably within the contemplation of the parties when the contract of shipment was made.   The damages allowed by the court below were based wholly upon the fact that the goods were seasonable, and there was no proof that the defendant had notice of this fact, nor was there any testimony given from which the defendant could be charged with such knowledge.   The bill of lading simply described the goods as "1 case clks."   Under the decision in the case of Wolfe v. Weir, 61 Misc. Rep. 57, 112 N. Y. Supp. 1078, and Lichtenstein v. Fargo, 66 Misc. Rep. 149, 121 N. Y. Supp. 327, the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

BIJUR, J., dissents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes