CHICAGO—FIRST DISTRICT—JUNE, 1917.    89

Marsh L. Brown & Co. v. C., N. Y. & B. Refrig. Co., 207 Ill. App. 89.

Marsh L. Brown & Company, Defendant in Error, v. Chicago, New York & Boston Refrigerator Company, Plaintiff in Error.

Gen. No. 22,093.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed June 27, 1917. Rehearing denied July 17, 1917.

## Statement of the Case.

Action by Marsh L. Brown & Company, a corporation, plaintiff, against the Chicago, New York & Boston Refrigerator Company, a corporation, defendant, to recover damages for injuries to freight. To reverse a judgment for plaintiff for $480 and costs, defendant prosecutes this writ of error.

G. W. KRETZINGER, JR., and L. L. SMITH, for plaintiff in error.

JOSEPH M. CONNERY, for defendant in error.

MR. JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 98*—*what constitutes unreasonable delay in transit of freight.* A delay of two days in the transit of a car of freight because of a defect in the car which was taken out of the train for repair is unreasonable where it is shown that the freight could have been transferred to another car in two hours.

2. CARRIERS, § 106*—*when burden in on carrier to explain delay.* Where a shipment of freight is delayed beyond the time usually required for transportation between such points, the burden is on the carrier to explain the delay and that it was not due to its negligence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. CARRIERS—*when evidence shows no satisfactory explanation of delay in transportation.* In an action against a carrier to recover for damages caused by an unreasonable delay in the transportation of freight, evidence *held* to show no satisfactory explanation for such delay.

4. CARRIERS—*when evidence shows number of articles in shipment.* In an action against a carrier to recover for injuries to certain articles of freight in shipment, the contention that the evidence does not show the number of such articles is not tenable, where the number is alleged in plaintiff's statement of claim and is not denied by defendant and is otherwise shown.

5. CARRIERS—*when contention that claim for loss was not timely made is without merit.* In an action against a carrier for injuries to freight, defendant's contention that plaintiff did not make a claim for loss in writing within four months as required by the bill of lading is not tenable where the making of such claim was not denied in the affidavit of defense and the point was not urged in the trial court.

6. CARRIERS, § 110*—*what is measure of damages for unreasonable delay in shipment of freight.* In an action to recover for damages caused by an unreasonable delay in the shipment of freight, the measure of damages is the difference between the market value of the freight when it should have arrived at its destination and its market value when it did arrive.