CARL STEINBERG, Doing Business as CARL STEINBERG & COMPANY, Respondent, v. ERIE RAILROAD COMPANY, a Domestic Corporation, Appellant.

(Supreme Court, Appellate Term, First Department, May, 1918.)

Carriers — of merchandise — delay in delivery — damages — evidence — judgments.

> The ordinary measure of damage in an action to recover for a loss due a carrier's failure to deliver with reasonable dispatch goods shipped is the difference in the market value between the time of arrival and the time when the goods should have arrived.

> General damage cannot become special damage because of the unusually great loss due to a short duration of the season for a sale in which the goods are ordered, and unusual loss caused by the delay in carrying seasonal goods does not create an exception to the ordinary, or market value, rule.

> Plaintiff, a New York city dealer in straw hats, shipped a certain lot of them to a customer in Iowa who refused to accept them and by arrangement with the plaintiff they were delivered to a railroad company for reshipment to plaintiff. On June 26, 1916, at Chicago, the goods were turned over by the initial carrier to the defendant and on the day after their arrival in New York city, July 15, 1916, they were delivered to. plaintiff. Plaintiff in his testimony fixed the time ordinarily required for the carriage by defendant from Chicago to New York as three days and defendant offered no proof on the subject. The value of the goods on the day when due to arrive after deducting the value of the damaged hats was proved as $781, the value of the goods when they did arrive was $468.60, and the court awarded plaintiff the sum of $312.40, the difference between these two items, and an additional sum

of $11.75 for damage to some hats in transit. *Held*, that the judgment should be modified by deducting therefrom the item of $11.75 for damage, there being no sufficient evidence to support said allowance, and, as so modified, the judgment will be affirmed.

APPEAL by defendant from judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of the plaintiff, after trial by the court without a jury.

Stetson, Jennings & Russell (Theodore Kiendl, Jr., of counsel), for appellant.

Levy & Nemerov (Nathaniel Levy, of counsel), for respondent.

MULLAN, J. The plaintiff, a New York city dealer in straw hats, shipped a certain lot of these goods to a customer in Iowa, which the customer refused to accept and delivered, by arrangement with the plaintiff, to a railway company for reshipment to the plaintiff. The initial carrier carried the goods to Chicago, and there turned them over to the defendant railway on June 26, 1916. They arrived in New York city on July 15, 1916, and were delivered to plaintiff on the following day. The plaintiff's claim is made up of two items, viz.: (1) that some of the goods were actually damaged to the extent of eleven dollars and seventy-five cents; (2) that the goods were not forwarded by the defendant with reasonable dispatch, and that by reason of the delay of nineteen days in their delivery the goods upon arrival were worth in the market only sixty per cent of what they were worth on the day they should have arrived.

The time ordinarily required for the carriage by defendant from Chicago to New York was fixed by the plaintiff in his testimony as three days, and as the

defendant offered no proof upon the subject, the period so fixed must stand as the fact of the case in that regard.

The value of the goods on the day when due, after deducting the value of the damaged hats, was sufficiently proved at $781. The value of that portion of the goods on arrival was sufficiently proved at $468.60. The trial court awarded plaintiff the difference, $312.40, and also allowed him $11.75 for damage to some hats in transit. We find no evidence to support the claim of injury to the hats, and the allowance of the $11.75 item was in error.

The reason for the violent decrease in the market price was the termination of the season for straw hats between the time when they should have been delivered and the time when they were delivered. It is this seasonal character of the goods that the defendant makes the basis of its chief ground of appeal, urging that a carrier is not liable under the ordinary or market value rule of damage in the case of delay in carriage of goods subject to severe decline in value because of a cessation of demand incident to the anticipative termination of a well-understood regular buying season. In support of this contention defendant's counsel cites three cases in this court (*Wolfe* v. *Weir,* 61 Misc. Rep. 57; *Lichtenstein & Co.* v. *Fargo,* 66 id. 149; *Rosenberg* v. *Delaware, L. & W. R. R. Co.,* 88 id. 1), which undoubtedly hold squarely that the market value rule is not applicable in such a case; but we are unable to follow those decisions, as we deem it plain that the learned judges who sat in the *Wolfe* case, which was followed by the two other cases, were led into error by reason of the nature of the presentation of the question there involved The opinion shows quite plainly that the question was brought before the court as one of special damages, and that controversy

was in form over the question whether the special damage of the amount of the market decline — properly general and not special damage — should be allowed in view of the lack of notice to the carrier of the seasonal quality of the goods.

We consider the following proposition to be established beyond dispute, namely, that the ordinary measure of general damage, applicable to loss due to a carrier's failure to deliver with reasonable dispatch, is the difference in the market value between the time of arrival and the time when the goods should have arrived; that general damage cannot become special damage because of the unusually great loss due to a short duration of the season for a sale or use in which the goods are ordered; and that unusual loss caused by the delay in carrying seasonal goods does not create an exception to the ordinary, or market value, rule. *Wilson* v. *Lancashire & Yorkshire R. Co.*, 9 C. B. (N. S.) 632; *Ward* v. *New York Central R. R. Co.*, 47 N. Y. 29; *Schulze* v. *Great Eastern R. Co.*, 19 Q. B. Div. 30; *Wertheim* v. *Chicoutimi Pulp Co.*, 1911 App. Cas. 301; *Rowe* v. *S. S. City of Dublin*, 1 Ben. 46; 20 Fed. Cas. No. 12,094; *The Giulio*, 34 Fed. Repr. 909; *The Caledonia*, 43 id. 681; 3 Suth. Dam. (4th ed.) § 907, p. 3353; 3 Sedg. Dam. (9th ed.) § 854, p. 1768. In the *Wilson* case, Williams, J., stated a supposititious case, that has since been much quoted, which fits the situation here precisely. He said: " Suppose a tradesman at a fashionable watering place sends an order to a warehouseman in London for a quantity of ribbons or other fancy goods, and they are delivered to a carrier so that they ought to reach him at the beginning of the season, and through the negligence of the carrier their delivery is delayed until the season is over, so that the opportunity for offering them for sale is lost, and, as their novelty or fashion are gone, they remain on hand

materially diminished in value, would it not be unjust if the carrier were not made liable in damage for the loss which thus resulted from his negligence?" In *Rowe* v. *S. S. City of Dublin, supra,* where the goods in question were trimmings for women's hats, Benedict, D. J., cites the *Wilson* case and says: " What the libellant claims here is, not a loss of profit, but that he lost the opportunity to dispose of his goods at all in the manner and the purposes for which they were imported. The only circumstance which caused this loss was the lapse of time, extending beyond the season. Up to October 5, there was no diminution of value. After that, the article had no exchangeable value in the ordinary course of trade, as an article required for the manufacture of ladies' hats, but was only valuable as an article to be held over to the next season, or to await the chance of finding an out-of-season customer. This diminution of value was a certain result of such delay in regard to an article like this; and I can discover no element mingled with the delay as a cause of the loss. It arose from the delay, and from nothing else, and was its natural and immediate result."

Indeed, it is difficult to see how an exception to the general rule could well be made because of the seasonability of goods, without working the most manifest hardship upon the person injured by the delay, for if the ordinary rule did not apply to his situation he would be left to merely nominal damages unless the unusual facts were present that made out a case for the recovery of special damage; so that we would reach the absurdity that one who suffered comparatively little because of a slight fluctuation in the market would be able to recover whatever he lost, whereas one who suffered greatly would be able to recover nothing.

37

Supreme Court, May, 1918.          [Vol. 103.

The defendant in a supplementary memorandum calls our attention to the recent decision of the Court of Appeals in *Chapman* v. *Fargo,* 223 N. Y. 32, but that is a special damage case, which has no bearing upon the point involved here, and merely applies a doctrine that is as old as the leading case of *Hadley* v. *Baxendale,* 9 Exch. 341.

We deem it unnecessary to discuss the defendant's point that is based upon the supposed contents of a bill of lading not in evidence, and which the plaintiff was not required to offer in evidence because of the stipulation entered into between him and the defendant.

Judgment modified by deducting therefrom the sum of eleven dollars and seventy-five cents and as so modified affirmed, with twenty-five dollars costs to respondent.

FINCH, J., concurring upon the authority of *Ward* v. *New York Central R. R. Co.,* 47 N. Y. 29.

Judgment modified and affirmed, with costs.