Stern, McGiveny and Company, Appellee, v. Keeshin Motor Express Company, Inc., Appellant.

Gen. No. 41,602.

Opinion filed May 19, 1941.

FLOYD F. SHIELDS and ZACHARY D. FORD, JR., both of Chicago, for appellant and cross-appellee.

MURRAY MILLER, of Chicago, for appellee and cross-appellant.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against defendant to recover $477.75 claimed as damages occasioned by delay in transporting a carton of nested fur felt hat bodies from Chicago to Dallas, Texas. The defense interposed was that while defendant was "a common carrier by motor vehicle engaged in transporting property for hire" it did not hold itself out to transport property between Chicago and Dallas, Texas, and that the transportation of the goods in question was made by carriers other than defendant. There was a trial before the court without a jury and a finding and judgment in plaintiff's favor for $238.87, from which defendant appeals. Plaintiff prosecutes a cross-appeal claiming it was entitled to a judgment for the full amount of its claim.

The record discloses that September 7, 1939, plaintiff at its place of business, 65 E. South Water street, Chicago, delivered to defendant four cartons of nested fur felt hat bodies and one package of cotton and rayon ribbon to be transported to the Felix Hat Company of Dallas, Texas. At the time, defendant's representative who called for the goods executed and delivered to plaintiff an original and duplicate uniform, straight bill of lading. In the blank space following the printed word "Route" in the duplicate bill was written in pencil "Keeshin Motors" which was stricken out, and following this "M.K.C.," while in

the original after the word "Route" was written "M.K.C.," although it appears there had been an erasure of some other name written where these letters appear. Three of the cartons and the package of ribbon were delivered to the consignee in Dallas, Texas, in due time but one of the cartons, for some reason not explained, was delayed and was not tendered to the consignee until September 25, which was too late and the consignee refused to receive it. Afterward the carton was returned to Chicago and tendered to plaintiff who refused to accept it on the ground that the felt hat bodies were then of no value because it was too late in the season. There is evidence to the effect that afterward plaintiff tried to sell the hat bodies to a number of persons but was unable to do so because it was too late. There is further evidence in the record that the hats in the carton were invoiced at $477.75, and this was the reasonable value of them.

Counsel for defendant in their brief say defendant "is a motor common carrier engaged in the transportation of property for hire, and, as such, is subject to Part II of the Interstate Commerce Act (49 U. S. C. A. 301, *et seq.*). In addition to its line haul operations, that is the actual hauling of freight over the highways in motor vehicles, the defendant also conducts a local pick up and delivery service in the City of Chicago for railroads and other motor carriers."

Defendant's position is that in the handling of the goods in question it merely picked them up at plaintiff's place of business and delivered them to the M.K.C. truck company for transportation by that company to Dallas. As we understand counsel, the contention is that the delay in the transportation of the goods was occasioned by the M.K.C. truck company and therefore it and not defendant is liable for the resulting damages. We think the evidence does not sustain the contention. It shows defendant's representative, pursuant to a telephone call, picked up the

goods at plaintiff's place of business and executed the original and duplicate bill of lading. The general freight claim agent of defendant testified defendant was a common carrier by motor vehicle and operated under the jurisdiction of the Interstate Commerce Commission; that in addition to its common carrier service it performed additional service for other common carriers in Chicago—picked up freight for them; that its place of business and telephone are the same as the M.K.C. truck company.

We think defendant was liable as a common carrier for the damages sustained by plaintiff. Section 20, Cummins (Carmack) Amendment, Interstate Commerce Act 1915. And even if defendant's business was only to pick up the merchandise and deliver it to the M.K.C. company, as it contends, it is liable because it failed to show the delay was not occasioned by its negligence. The goods were delivered to defendant and there is no evidence explaining what occasioned the delay in forwarding it to Dallas. Whether it occurred in Chicago or elsewhere, the burden was on defendant to explain the delay. *Marsh L. Brown & Co v. Chicago, N. Y. & B. Refrigerator Co.,* 207 Ill. App. 89.

Defendant further contends "plaintiff is not entitled to special damages as no notice was given to the carrier or carriers informing them of the special circumstances requiring expeditious handling" and that it was the duty of plaintiff to accept the merchandise when it was tendered upon its return to Chicago.

While counsel for defendant cite authorities such as *Wolfe v. Weir,* 61 Misc. 57, 112 N. Y. S. 1078, and *Lichtenstein & Co. v. Fargo,* 66 Misc. 149, 121 N. Y. S. 327, which seem to sustain their contention, we hold the better rule as applied to the facts in the instant case is stated in the later case of *Freegood v. Barrett,* 172 N. Y. S. 353, where suit was brought to recover damages caused by delay in the shipment of two boxes

of women's lingerie. The court there said: "On the stipulated statement of facts, the questions of special damage and whether there was due notice to the carrier of the seasonable character of the goods are not in the case at all. The measure of damage is the difference in the market value of the goods at the consignee's address in West Virginia at the time of shipment and at the time when the goods were finally offered back to the plaintiffs. It matters not what the cause of the reduction in market value was." Moreover we think it is common knowledge that material for ladies' hats must be disposed of expeditiously to prevent loss.

In the instant case the evidence shows, and there was none offered to the contrary, that when the goods were tendered back to plaintiff they were of no value. In these circumstances we think plaintiff was entitled to recover the loss it had sustained and the court should have entered judgment for the full amount of the claim. The judgment of the municipal court of Chicago is therefore reversed and judgment entered in this court in favor of plaintiff and against defendant for $477.75, the court costs to be borne by defendant.

*Judgment reversed and judgment in this court.*

MATCHETT and McSURELY, JJ., concur.