Jack Behn and Sol Shapiro, Trading as Skokie Produce Company, Appellees, v. Southern Pacific Company, Sued Herein as Southern Pacific Lines Railroad Company, Appellant.

Gen. No. 46,086.

Opinion filed February 24, 1954. Rehearing denied April 21, 1954. Released for publication April 22, 1954.

HERBERT J. DEANY, of Chicago, for appellant.

VAN DUZER, GERSHON & QUINLAN, of Chicago, for appellees; BERNARD H. BERTRAND, of Chicago, of counsel.

MR. PRESIDING JUSTICE FEINBERG delivered the opinion of the court.

Defendant appeals from a judgment for $1,200 in favor of plaintiffs, in an action for damages resulting from the alleged unreasonable delay in the delivery of a shipment of carrots originating in Canoga Park, California, under a bill of lading admittedly issued, with plaintiffs designated as consignee at St. Louis, Missouri. While en route the shipment was reconsigned by plaintiffs to Morgan Packing Company at Austin, Indiana.

Defendant introduced no evidence at the trial without a jury, and on this appeal urges the failure of the plaintiffs to make out a prima facie case. The principal contention is directed against failure of proof of the proper measure of damage.

The evidence establishes that plaintiffs sold the shipment, consisting of 1,200 sacks of carrots, to Morgan Packing Company, at an agreed price of $3.55 per sack. The shipment left California on July 14, 1948, and was due to arrive in the regular course in Austin, Indiana, on July 22. It did not arrive until July 26. Because of the delay in delivery, plaintiffs were obliged to sell the

63

shipment in the ordinary course of business to Morgan Packing Company at $2.55 per sack, resulting in a loss to the plaintiffs of $1,200.

The uncontroverted evidence discloses an unreasonable delay in delivery. The defendant offered no evidence to explain the delay. The evidence for plaintiffs further tends to prove that those regularly in the business use the Cincinnati market reports for the commodity in question to govern Indianapolis, Indiana, and surrounding territory, and that there were no Cincinnati market quotations for any type of California sack carrots from July 14 to July 26.

Under these circumstances, the measure of damage for unreasonable delay in delivery by common carrier, as established in many cases, is the difference between the market value of the consignment at the time and in the condition it should have arrived and its fair cash market value and condition at the time it actually did arrive at its destination. A few of these cases are *Idaho Sheep Co. v. Oregon Short Line R. Co.,* 188 Ill. App. 591, 599; *Hutchison Grocery Co. v. Louisville & N. R. Co.,* 230 Ill. App. 291, 295; and *Stern, McGiveny & Co. v. Keeshin Motor Express Co., Inc.,* 310 Ill. App. 337, 341.

In *Northern Transportation Co. v. McClary,* 66 Ill. 233, 237, it was held that the price at which it was sold in the regular course of business, at the time the commodity arrived and was tendered by the transportation company, is evidence tending to show market value.

In *Farson v. Buder,* 187 Ill. App. 318, 325, it was held that evidence of actual sales at the time of the breach is the best evidence of the market value at that time, but in the absence of such sales evidence of other sales within a reasonable time before or after the breach is competent as tending to prove what the fair market value was on the day the breach occurred. Such evidence is sometimes the only evidence available and,

therefore, the best evidence of which the nature of the case is susceptible, citing *City of Chicago v. Lehmann,* 262 Ill. 468, where it was held that a bona fide offer was competent evidence of the market value of real estate where there have been no actual sales.

It was said in *Illinois Central R. Co. v. Crail,* 281 U. S. 57, 64:

"The test of market value is at best but a convenient means of getting at the loss suffered. It may be discarded and other more accurate means resorted to if, for special reasons, it is not exact or otherwise not applicable. See *Wilmoth v. Hamilton,* 127 Fed. 48, 51; *Theiss v. Weiss,* 166 Pa. St. 9, 19; *Pittsburg Sheet Mfg. Co. v. West Penn Sheet Steel Co.,* 201 Pa. St. 150; Williston on Contracts, §§ 1384, 1385."

Since the evidence discloses that there were no market quotations governing July 22, when the shipment should have arrived at its destination, and July 26, when the shipment arrived and was tendered by the railroad, then the original sales price of the commodity and the price at which the shipper was obliged to sell furnished some basis for determining market value. It is not to be presumed that the shipper would sell for less than the market or that the buyer would pay more than the market value.

If the market value was different from that established by plaintiffs' evidence, defendant, having been proven guilty of unreasonable delay in delivery, had the opportunity to make proof of that fact by competent evidence. It offered no evidence to rebut plaintiffs' evidence upon that subject. Therefore, as was held by this court in *Capitol Paper Box, Inc. v. Belding Hosiery Mills, Inc.,* 350 Ill. App. 68, 74:

"The burden of proving that the damages were not correct or unfair was on the defendant that breached

the contract." (Citing *Nestler v. Pure Silk Hosiery Mills,* 242 Ill. App. 151, and *Ryan v. Miller,* 153 Ill. 138.) The judgment is correct and is affirmed.

*Affirmed.*

KILEY and LEWE, JJ., concur.